UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REBECCA CARNEY,

                Plaintiff,

v.            5:15-CV-0700 (GTS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON        STEVEN R. DOLSON, ESQ.
  Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.            SIXTINA FERNANDEZ, ESQ.
OFFICE OF REG'L GEN. COUNSEL– REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Rebecca Carney. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings.  (Dkt. Nos. 10, 12.)  For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is denied and Defendant's motion for judgment on the pleadings is granted.

I.     **RELEVANT BACKGROUND**

    A.     **Factual Background**

Plaintiff was born on September 13, 1971. Plaintiff has an eighth grade education and has past work as a housekeeper. Generally, Plaintiff's alleged disability consists of chronic obstructive pulmonary disease ("COPD"), back pain, and anxiety.

    B.     **Procedural History**

On April 30, 2012, Plaintiff applied for Supplemental Security Income, alleging disability beginning July 1, 2011. Plaintiff's application was initially denied on June 22, 2012, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). On March 6, 2014, Plaintiff appeared in a hearing before the ALJ, John P. Ramos. (T. 7-29.) On April 3, 2014, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 33-51.) On April 30, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.)

    C.     **The ALJ's Decision**

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 38-46.) First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 30, 2012, the application date. (T. 38.) Second, the ALJ found that Plaintiff's lumbar spine degenerative disc disease (facet arthropathy), obesity, asthma, and social phobia are severe impairments, but that Plaintiff's mild ulnar neuropathy is not a severe impairment. (T. 38-39.) Third, the ALJ found that Plaintiff's severe impairments, alone or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (T. 39-41.) The ALJ considered Listings 1.04, 3.02, 3.03, and 12.06. (*Id.*) Fourth, the ALJ found that Plaintiff

2

> has the residual functional capacity ["RFC"] to perform sedentary work as defined in 20 CFR 416.967(a)[1] except should avoid exposure to extremes of temperature or humidity. She retains the ability to understand and follow simple instructions and directions; perform simple tasks with supervision and independently; maintain attention/concentration for simple tasks; regularly attend to a routine and maintain a schedule; can relate to and interact with others to the extent necessary to carry out simple tasks but should avoid work requiring more complex interaction or joint efforts with other coworkers to achieve work goals, she should engage in no more than occasional brief interaction with the public. She can handle reasonable levels of simple work-related stress in that she can make decisions directly related to the performance of simple work and handle usual work place changes and interactions associated with simple work.

(T. 41-45.) Fifth, the ALJ found that Plaintiff is unable to perform any past relevant work. (T. 45.) Sixth, and finally, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T. 45-46.)

### D.   The Parties' Briefings on Their Cross-Motions

Generally, Plaintiff argues that the ALJ committed reversible error by failing to apply the treating physician rule because the ALJ did not identify the amount of weight afforded to the opinion of treating physician, Suralya Aziz, M.D. (Dkt. No. 10, at 3-6 [Pl.'s Mem. of Law].) Within this argument, Plaintiff argues that the ALJ should have recontacted Dr. Aziz for clarification regarding any ambiguity in Dr. Aziz's opinion. (*Id.* at 6.)

Generally, Defendant argues that the ALJ properly assessed Dr. Aziz's opinion and provided "good reasons" for not affording controlling weight to the opinion. (Dkt. No. 12, at 5-11 [Def.'s Mem. of Law].)

---

[1] Sedentary work requires the abilities to sit for six hours, stand and walk for two hours, and lift or carry up to ten pounds in an eight-hour workday. 20 C.F.R. § 416.927(a); SSR 83-10, 1983 WL 31251 (1983).

## II.     RELEVANT LEGAL STANDARD

### A.      Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by

substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), *accord, McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III.   ANALYSIS

#### A.   Whether the ALJ Erred in Assessing the Medical Opinion Evidence Regarding Plaintiff's Physical Abilities and Functional Limitations

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law.  (Dkt. No. 12, at 5-11 [Def.'s Mem. of Law].)  To those reasons, the Court adds the following analysis.

Under the "treating physician's rule," controlling weight is afforded to a plaintiff's treating physician's opinion when (1) the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) the opinion is consistent with other substantial evidence in the record, such as opinions of other medical experts.  20 C.F.R. § 416.927(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir. 2004); *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 633-34 (2d Cir. 2012).  Regulations require an ALJ to set forth his or her reasons for the weight afforded to a treating physician's opinion.  *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

When controlling weight is not afforded to the opinion of a treating physician, or when assessing a medical opinion from another source, the ALJ should consider the following factors to determine the proper weight to afford the opinion: (1) the source's examination or treatment relationship with the plaintiff, including the length, nature, and extent of the treatment relationship, (2) the opinion's supportability, (3) the opinion's consistency with the record as a whole, (4) the source's specialization, if any, and (5) other factors, such as the source's

6

knowledge of disability programs and familiarity with the case record. 20 C.F.R. § 416.927(c); *Halloran*, 362 F.3d at 32 (listing regulatory factors).

Here, the record contains opinions of Plaintiff's physical abilities and functional limitations from (1) treating physician, Suralya Aziz, M.D., and (2) consultative examiner, Elke Lorensen, M.D. (T. 244-47, 298-301.)

### i.     Treating Physician, Dr. Aziz

On October 3, 2012, Dr. Aziz opined that Plaintiff could walk for ten to 15 minutes, stand for 15 minutes, sit for 30 minutes to one hour, and could never lift, carry, push, pull, bend, or climb stairs. (T. 301.) Dr. Aziz indicated that Plaintiff complained of shortness of breath on exertion and that she could walk only half a block due to COPD/asthma and obesity. (T. 300.)

On February 12, 2013, Dr. Aziz opined that Plaintiff could walk for ten minutes, stand for 15 minutes, sit for 30 minutes, and could never lift, carry, push, pull, bend, or climb stairs. (T. 299.) Dr. Aziz indicated that Plaintiff complained of lower back pain since August 2012, obesity, bronchial asthma/COPD, and shortness of breath on exertion. (T. 298.)

### ii.    Consultative Examiner, Dr. Lorensen

On June 6, 2012, Dr. Lorensen diagnosed Plaintiff with COPD, asthma, and obesity. (T. 246.) Dr. Lorensen opined that Plaintiff should avoid smoke, dust, and other known respiratory irritants. (*Id.*)

Upon examination, Dr. Lorensen observed that Plaintiff appeared to be in no acute distress, had a normal gait and stance, could walk on her heels and toes without difficulty, and could perform a full squat. (T. 42.) Dr. Lorensen observed that Plaintiff used no assistive devices, needed no help changing for the exam or getting on or off the exam table, and was able to rise from a chair without difficulty. (*Id.*) Dr. Lorensen observed that Plaintiff had full ranges

of motion in her cervical spine, lumbar spine, and upper and lower extremities, and had full grip strength. (*Id.*) Finally, Dr. Lorensen observed that Plaintiff's chest and lungs were clear to auscultation; had normal anteroposterior ("AP") diameter, percussion, and diaphragmatic motion; and had no significant chest wall abnormality. (T. 245.)

The ALJ stated that he considered Dr. Aziz's opinions, but afforded them "less evidentiary weight" than the opinion of Dr. Lorensen, because Dr. Aziz's opinions were not consistent with the overall record. (T. 45.) Although the ALJ did not state the precise amount of weight that he afforded to Dr. Aziz's opinions, the ALJ applied the substance of the treating physician rule by considering Dr. Aziz's opinions and their consistency with the record as a whole. *See Halloran,* 362 F. 3d at 32-33 (finding that, where it was unclear whether the ALJ applied the treating physician rule, the substance of the treating physician rule was applied because the ALJ considered the treating physician's opinion and its consistency with the record as a whole.).

First, the ALJ found that Dr. Aziz's highly restrictive opinions appeared to be largely based on Plaintiff's complaints rather than diagnostic or clinical findings in the record.[2] (T. 45.) A review of Dr. Aziz's treatment notes on October 3, 2012, the date of Dr. Aziz's first opinion, indicates that Plaintiff complained of shortness of breath and could walk only one half block "*per patient.*" (T. 453.) Yet Dr. Aziz observed that Plaintiff had "no shortness of breath" and had only moderate tenderness over her low back region upon examination on the same date. (*Id.*) Dr. Aziz's treatment notes on February 12, 2013, the date of Dr. Aziz's second opinion, again

---

[2] The regulations provide that the Commissioner will afford more weight to a medical opinion that presents relevant evidence to support the opinion, "particularly medical signs and laboratory findings." 20 C.F.R. § 416.927(c)(4); *see also Aldrich v. Astrue,* 08-CV-0402, 2009 WL 3165726, at *7 (N.D.N.Y. Sept. 28, 2009) (finding that the ALJ was entitled to afford less than controlling weight to the opinion of a treating physician who appeared to rely on the plaintiff's subjective complaints more than any diagnostic or clinical evidence).

observed that Plaintiff had "no shortness of breath" upon examination, and Plaintiff reported that she used her Albuterol inhaler only twice per week. (T. 447.) Regarding Plaintiff's lower back symptoms, Dr. Aziz observed that Plaintiff had only "moderate tenderness" over her lower lumbar region with full lower extremity muscle power and normal reflexes upon examination. (*Id*.)

Second, the ALJ cited medical evidence that was inconsistent with Dr. Aziz's highly restrictive opinions, noting that diagnostic and clinical findings during the relevant time period demonstrated that Plaintiff had no more than mild limitations. (T. 42.) The ALJ cited September 2012 x-ray examinations of Plaintiff's lumbar spine that showed maintained disc heights, normal sacroiliac joints, no fracture or subluxation, and only minimal degenerative findings. (T. 38, 282.) Additionally, the ALJ provided a through and accurate summary of Dr. Lorensen's consultative examination, and noted that it revealed no limitations in Plaintiff's abilities to sit, stand or walk. (T. 42.) The ALJ noted that Dr. Lorensen observed that Plaintiff had full ranges of motion in her cervical spine, lumbar spine, and upper and lower extremities, and had full grip strength. (*Id.*) Dr. Lorensen further observed that Plaintiff's chest and lungs were clear to auscultation; had normal AP diameter, percussion, and diaphragmatic motion; and had no significant chest wall abnormality. (T. 245.)

The ALJ noted that, on February 25, 2013, Plaintiff received emergency room care at Upstate Medical Center for a "mild" increase in her low back pain. (T. 42, 304.) The ALJ noted that, though Plaintiff complained of back pain on the right side, the examining physician observed that Plaintiff had no tenderness to palpation, had a normal musculoskeletal range of motion, and was neurologically intact. (T. 42.) The ALJ further noted that Plaintiff denied

persistent weakness, numbness or tingling, and was discharged from the emergency room in stable condition on the same day. (*Id.*) Additionally, the ALJ noted that treatment records from Upstate Bone and Joint Pain Management indicated that Plaintiff underwent a series of facet injections on July 16, 2013, September 23, 2013, and October 23, 2013, that resolved her complaints initially and reduced her complaints of pain. (*Id.*)

Third, and finally, the ALJ properly applied the regulations in evaluating Dr. Aziz's opinion by considering Dr. Aziz's professional credentials, treatment relationship with Plaintiff, and treatment notes, as well as the opinion's consistency with the overall record pursuant to 20 C.F.R. § 416.927(c). (T. 38-45.) When an ALJ's reasoning and adherence to the regulations are clear, the ALJ is not required to review each and every factor of the regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (holding that, when plaintiff challenged ALJ's failure to discuss each factor provided for in 20 C.F.R. § 404.1527[c], "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear"). For these reasons, the ALJ's assessment of Dr. Aziz's opinions is supported by substantial evidence, and remand is not required on this basis.

Turning to Plaintiff's argument that the ALJ should have recontacted Dr. Aziz regarding any ambiguity in the opinions, the Court notes that Plaintiff did not point to any particular ambiguity in Dr. Aziz's opinions that required resolution. Dkt. No. 10, at 3-6 [Pl.'s Mem. of Law].)

Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 416.920b(c)(1). Additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically

acceptable clinical and laboratory diagnostic techniques.  20 C.F.R. § 416.920b(c)(1)-(4); *Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir. 1999); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998).  However, reviewing courts hold that an ALJ is not required to seek additional information absent "obvious gaps" in the administrative record that preclude an informed decision.  *Rosa*, 168 F.3d at 79 n.5; *see also Aldrich v. Astrue*, 08-CV-0402, 2009 WL 3165726, *7 (N.D.N.Y. Sept. 28, 2009) ("A treating physician is recontacted only in situations when the evidence received from the treating physician or other medical sources is inadequate for the ALJ to determine whether Plaintiff is disabled.").

     Here, there are no obvious gaps in the record that would preclude the ALJ from making an informed decision as to whether Plaintiff is disabled.  As discussed above, the record contained Plaintiff's treatment records from primary care physician, Dr. Aziz; pain management providers at Upstate Bone and Joint Pain Management; and emergency room physicians at Upstate Medical Center.  Moreover, the ALJ obtained the comprehensive consultative examination and opinion of Plaintiff's physical limitations from Dr. Lorensen discussed above.

     An ALJ is entitled to rely on the opinions of both examining and non-examining State agency medical consultants, because those consultants are deemed to be qualified experts in the field of social security disability.  20 C.F.R. § 416.912(b)(6), 416.913(c), 416.927(e); *also Frey ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."); *Little v. Colvin*, 14-CV-63, 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims.  As such, their opinions may constitute substantial evidence if

they are consistent with the record as a whole."). Therefore, the ALJ properly relied on Dr. Lorensen's opinion regarding Plaintiff's physical limitations.

For these reasons, the ALJ was not required to recontact Dr. Aziz, and remand is not required on this basis.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: July 27, 2016
       Syracuse, New York

                                   Hon. Glenn T. Suddaby
                                   Chief U.S. District Judge